IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $6,000.00 IN U.S. CURRENCY,<br><br>        Defendant. | 2:14-MC-00092-KJM-AC<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On November 18, 2013, Special Agent James Delaney with the Drug Enforcement Administration ("DEA") contacted Alberto Vazquez ("Vazquez") and Brittany Sapp ("Sapp") at the Sacramento International Airport. Approximately $6,000.00 in U.S. Currency (hereafter "defendant currency") was seized from Sapp during the encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all know potential candidates and publishing notice to all others. On or about April 8, 2014, the DEA received a claim from Alberto Vazquez asserting an ownership interest in the defendant currency.

3. For the purposes of this settlement only, the Claimant does not dispute the United States' representation that it could show at a forfeiture trial the following: On November 18, 2013, agents with DEA, acting on information received from another DEA agent, approached Vazquez and Sapp after they exited a plane arriving at the Sacramento International Airport from Orlando, Florida. The agents

1

introduced themselves as law enforcement and asked Vazquez and Sapp if they could search their bags. Vazquez and Sapp consented and the DEA agents found the defendant currency in side Sapp's purse inside a Bank of America envelope.

    4.    For the purposes of this settlement only, the Claimant does not dispute the United States' representation that it could also show at a forfeiture trial that when asked about the source of the money, Vazquez became irritated and insisted the money had just come out of the bank.  A drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

    5.    For the purposes of this settlement only, the Claimant does not dispute the United States' representation that it could further show that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

    6.    Without admitting the truth of the factual assertions contained in this stipulation, Alberto Vazquez specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Alberto Vazquez agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Alberto Vazquez hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Alberto Vazquez shall hold harmless and indemnify the United States, as set forth below.

    7.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

    8.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

    9.    The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

    10.    The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. All right, title and interest in the Approximately $6,000.00 in U.S. Currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Alberto Vazquez waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED:   August 14, 2014.

_____
UNITED STATES DISTRICT JUDGE